# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2021

Lyle W. Cayce
Clerk

No. 19-40413
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLOVIS SHANTEZ LIGGINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-763

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Clovis Shantez Liggins, federal prisoner # 16490-078, was convicted of conspiracy to manufacture, distribute, or possess, with intent to distribute, five kilograms or more of cocaine, 50 grams or more of cocaine base (crack

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

cocaine), and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a), 846. He was sentenced to, *inter alia*, life imprisonment.

During Liggins' criminal proceedings, the 2010 Fair Sentencing Act (FSA) was enacted. The FSA, *inter alia*, increased the quantity of crack cocaine necessary to impose the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams or more to 280 grams or more. Notwithstanding the FSA's enactment, Liggins' amended indictment alleged a conspiracy involving, *inter alia*, 50 grams or more of crack cocaine. Importantly, the jury's special verdict also attributed to him 50 grams or more of crack cocaine.

The presentence investigation report (PSR) determined Liggins was responsible for 1285.6 grams of crack cocaine and, according to the 2010 version of the statute, he was subject to a mandatory life sentence because of his two prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A) (2010). At sentencing, the district court noted that, under the FSA's amendments, 50 grams of crack cocaine would not mandate a life sentence. *See id.* The court, however, reasoned it was not bound by the jury's drug-quantity determination because the jury found Liggins responsible for 50 grams *or more* of crack cocaine. The court then relied on the PSR, along with evidence presented at trial, to find Liggins responsible for 280 grams or more of crack cocaine. Consequently, the court imposed a mandatory life sentence under 28 U.S.C. § 841(b)(1)(A).

Pursuant to a certificate of appealability granted by our court, Liggins, proceeding *pro se*, contests the district court's denial of his 28 U.S.C. § 2255 motion. He contends: the court engaged in improper factfinding that increased his minimum statutory sentencing range in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and his appellate counsel rendered ineffective assistance of counsel

(IAC) by failing to challenge the court's factfinding at sentencing. Liggins asserts he should have been sentenced pursuant to 28 U.S.C. § 841(b)(1)(B), under which he would have faced a statutory sentencing range of 120 months to life. *See* 28 U.S.C. § 841(b)(1)(B) (2010) (stating an offense involving 28 grams or more of crack cocaine results in a statutory range of 120-months' imprisonment to life for a defendant with a prior felony drug conviction).

Regarding § 2255 motions, we review the district court's factual findings for clear error; its legal conclusions, *de novo*. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To succeed on an IAC claim, defendant must show counsel's performance was objectively deficient and, as a result, defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Government concedes the court engaged in improper factfinding that increased Liggins' mandatory minimum sentence. Under *Alleyne*, "facts that increase mandatory minimum sentences must be submitted to the jury". In that regard, our court has explained a court may not disregard a jury's drug-quantity finding as it pertains to a mandatory minimum sentence. *See United States v. Akins*, 746 F.3d 590, 612 (5th Cir. 2014) ("We agree with [defendant] that the sentencing judge was in error insofar as he looked to a crack cocaine calculation that was in excess of the jury's finding and that would trigger a higher sentence than the quantity found by the jury".). In addition, the Government acknowledges: in the light of *Akins*, appellate counsel rendered deficient performance by failing on appeal to challenge the judicial factfinding; and Liggins suffered prejudice because of the error.

VACATED; REMANDED for resentencing.